■ In the Matter of KWASSON B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County (Judith B. Sheindlin, J., at fact-finding and disposition), entered June 21, 1990, which adjudicated appellant a juvenile delinquent and placed him with the Division for Youth, Title II out of region, for 18 months, which order was entered pursuant to a fact-finding order entered May 30, 1990, finding that appellant had committed acts which, if done by an adult, would constitute the crime of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (3) and (4), unanimously modified, on the law, the finding of appellant's guilt under Penal Law § 265.02 (3), is vacated, and otherwise affirmed.

A violation of Penal Law § 265.02 (3) requires that the weapon in question be "defaced" within the meaning of that statute, which was neither alleged in the petition and supporting deposition, nor supported by any evidence present at the fact-finding hearing.

Appellant's contention on appeal that his guilt of criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02 (4), was not proven beyond a reasonable doubt, is without merit. There was ample credible testimony that police officers responding to a radio run of "a man with a gun" in the hallway of 123 East 130th Street, in Manhattan, recovered a 20-gauge shotgun from "the exact spot" on the stairway landing where one of the officers observed appellant placing it. Taken together with the recovery of a live 20-gauge shotgun shell from appellant's jacket pocket during a search incident to a lawful arrest, a reasonable trier of fact could correctly find that the elements of the crime were proven beyond a reasonable doubt. *(See generally, Matter of Michael D.,* 109 AD2d 633, 634, *affd* 66 NY2d 843.)* Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.